IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THIEN QUOC TRINH,<br><br>        Petitioner,<br><br>  vs.<br><br>STEVE FANNON, in his official capacity as Warden, McCook Work Ethic Camp; DAVID EASTERWOOD, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, St. Paul Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;<br><br>        Respondents. | **8:26CV369**<br><br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR A DEFECT IN VENUE AND/OR JURISDICTION** |

After Court business hours yesterday, July 28, 2026, Petitioner Thien Quoc Trinh, through counsel, filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the denial of his request for a stay of his removal and the approval of his immediate removal by Immigration and Customs Enforcement (ICE). Filing 1 at 3 (¶ 8). His Petition states *inter alia*, "His present location remains unconfirmed." Filing 1 at 2 (¶ 1).

At the same time Trinh filed his Petition, he also filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause, Filing 2. In that Motion, he asks for the Court for an Order doing the following:

1.     enjoining Respondents and all persons acting in concert with them from physically removing Petitioner from the United States;

2.     requiring immediate disclosure of his location, present custodian, itinerary, and any scheduled international departure;

1

3.      enjoining any further transfer that would frustrate jurisdiction or materially interfere with access to counsel;

4. requiring Respondents immediately to transmit the order to all officers, contractors, carriers, facilities, and removal personnel responsible for Petitioner;

5.      directing Respondents to show cause on the shortest practicable schedule why habeas and preliminary injunctive relief should not issue;

6.      waiving security under Rule 65(c); and

7.      granting other appropriate relief.

Filing 2 at 2.

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court determined that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435; *see also* 28 U.S.C. §§ 2242, 2243. The Supreme Court held further that "[t]he plain language of the habeas statute [§ 2241] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443, 451.

Although Trinh's Petition indicates that his location in ICE custody is unknown, the Court searched for Trinh's location by his "A-Number" and "Country of birth" on ICE's Online Detainee Locator System, https://locator.ice.gov/odls/#/details. The search result shows that Trinh is currently detained in the ERO El Paso East Montana ICE detention facility in El Paso, Texas. Thus, under *Padilla*, it appears that Trinh's Petition does not name the correct physical custodian as a respondent and should have been brought in the United States District Court for the Western District of Texas, not in this Court.

Accordingly,

2

IT IS ORDERED that not later than 5:00 p.m. on Thursday, July 30, 2026, Petitioner shall show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1631 because it does not name the physical custodian as the proper respondent and is brought in the wrong district. *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004). If no timely response to this Order to Show Cause is filed, this action for habeas relief will be dismissed without prejudice.

Dated this 29th day of July, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge

3