IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THIEN QUOC TRINH,<br><br>               Petitioner,<br><br>    vs.<br><br>STEVE FANNON, in his official capacity as Warden, McCook Work Ethic Camp; DAVID EASTERWOOD, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, St. Paul Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;<br><br>               Respondents. | **8:26CV369**<br><br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED AND FOR RESPONSES TO MOTIONS FOR TEMPORARY RESTRAINING ORDERS** |

On July 28, 2026, Petitioner Thien Quoc Trinh, through counsel, filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the denial of his request for a stay of his removal and the approval of his immediate removal by Immigration and Customs Enforcement (ICE). Filing 1 at 3 (¶ 8). His Petition stated *inter alia*, "His present location remains unconfirmed." Filing 1 at 2 (¶ 1). After some interim filings, on July 31, 2026, the Court entered an Order for Response by Respondents requiring that not later than 5:00 p.m. CDT on Monday, August 3, 2026, Respondents would "provide the Court with a statement illustrating Petitioner's location(s) and physical custodian(s) from July 28, 2026, through August 3, 2026, records relating to the same, as well as a statement of ICE's intentions as to relocating Petitioner in the foreseeable future." Filing 18 at 2.

1

On August 3, 2026, the Federal Respondent filed a Statement Concerning Petitioner's Location and a Declaration of Deportation Officer Jarrett Venters. Filing 20; Filing 21. In his Statement, the Federal Respondent explains, among other things, that as of the time of filing,

> Petitioner is in the ICE Office of Enforcement and Removal Operations El Paso Camp East Montana facility in El Paso, Texas, but ICE plans to transfer him back to the McCook Detention Center in Nebraska tomorrow, August 4, 2026. Once there, ICE does not plan to move him or plan another removal flight until this habeas matter has concluded. During the whole time Petitioner has been away from the McCook Detention Center, he has been in direct ICE custody.

Filing 20 at 1 (citations to Dec. of DO Venters omitted). The State Respondent also filed a Response reporting that Petitioner was in custody at the McCook Detention Center/Work Ethic Camp from June 3, 2026, to July 28, 2026, but "sometime on July 28, 2026, ICE took custody of Petitioner and removed him from the McCook Detention Center." Filing 22 at 2. The State Respondent offered no information about Petitioner Trinh's location thereafter.[1]

The Court is satisfied that because Trinh's last known location at the time he filed his Petition was in this District and because the Federal Respondent represents that Trinh will today be returned to this District and remain here unit this habeas matter has concluded, this Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Therefore, the Court will establish deadlines for Respondents' Returns in response to Trinh's Petition and briefing deadlines for responses to Trinh's two Motions for Temporary Restraining Orders now pending before the Court. Filing 1; Filing 2; Filing 16.

---

[1] The State Respondent stated that named Respondent Steve Fannon is no longer the acting warden of the McCook Detention Center/Work Ethic Camp and, as a result, is not a proper party to this case. Filing 22 at 2 (¶ 2). The State Respondent did not identify the new Warden or Acting Warden. Pursuant to Federal Rule of Civil Procedure 25(d), Steve Fannon's successor is automatically substituted as a party. Until the State Respondent identifies the successor by name, the State Respondent will simply be identified as "Warden."

In Count I of his Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Trinh asserts "Violation of 5 U.S.C. § 705 Stay and Operative Classwide Relief." Filing 1 at 6. This claim alleges,

> Petitioner falls within the ICWC Pending Petition and Stay of Removal Classes. [*Immigration Center for Women and Children v. Noem*, No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026).] Respondents denied his stay and approved removal without a prima facie determination and under the policy stayed by the ICWC court. Custody maintained for that unlawful purpose is contrary to federal law.

Filing 1 at 6–7 (¶ 32). In Count II, he asserts "Administrative Procedure Act - Contrary to Law and Arbitrary and Capricious Action." Filing 1 at 7. This claim alleges,

> Under 8 U.S.C. § 1227(d)(1), the Secretary must determine whether a pending U petition sets forth a prima facie case before deciding an administrative stay request. Respondents denied the request and approved removal without identifying or obtaining that determination. The unexplained denial provides no basis to conclude that Respondents considered the governing statute or evidence and is contrary to law, in excess of statutory authority, and arbitrary and capricious under 5 U.S.C. § 706(2)(A) and (C).

Filing 1 at 7 (¶ 33). In Count III, he asserts "Fifth Amendment Procedural Due Process." Filing 1 at 7. This claim alleges,

> Respondents approved immediate removal without notice of the basis for denial and without the statutory procedure governing his pending petition and stay request, depriving him of a meaningful opportunity to invoke the protection Congress provided.

Filing 1 at 7 (¶ 34).

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is

3

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "may be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court). Although the Court is not entirely convinced that any or all of Trinh's claims are cognizable under § 2241, the Court will direct compliance with the procedures for habeas actions to determine that and other relevant issues.

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Trinh's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Trinh's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* That time frame will also apply to Respondents' responses to Trinh's pending Motions for Temporary Restraining Orders, Filing 2; Filing 16, including the extent to which those Motions have become moot in light of recent developments. The Court finds good cause, based on the circumstances and allegations presented, to allow Trinh a very short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the

5

petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1.    Respondents shall make separate Returns certifying the true cause of Trinh's detention and why his Petition should not be granted and shall make separate or joint responses to Trinh's Motions for Temporary Restraining Orders not later than 5:00 p.m. CST on Thursday, August 6, 2026;

2.    Petitioner Trinh shall have until 12:00 p.m. CST on Friday, August 7, 2026, to file any reply to Respondents' Returns and any reply to Respondents' Responses to his Motions for Temporary Restraining Orders; and

3.    Upon the filing of Respondents' Return(s) and Responses and Trinh's replies, if any, the Court will determine whether or not to set a hearing on the pending matters prior to disposition.

Dated this 4th day of August, 2026.

BY THE COURT:

_____
Brian C. Buescher
Chief United States District Judge

6