IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THIEN QUOC TRINH,<br><br>Petitioner,<br><br>vs.<br><br>STEVE FANNON, in his official capacity as Warden, McCook Work Ethic Camp; DAVID EASTERWOOD, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, St. Paul Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;<br><br>Respondents. | **8:26CV369**<br><br>**MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE AND FOR RECONSIDERATION OF DENIAL OF HIS PETITION FOR WRIT OF HABEAS CORPUS** |

This case is before the Court on Petitioner Thien Quoc Trinh's Motion for Leave to File Supplemental Evidence and for Reconsideration of the August 24, 2026, Order (Motion for Reconsideration). Filing 33. The Motion was filed at 12:33 a.m. CDT the day after the Court denied Trinh's Petition for Writ of Habeas Corpus under § 2241 at 3:06 p.m. CDT. Filing 32. The Court concludes that the Motion for Reconsideration is a transparent and frivolous attempt to delay final disposition of this case and thus to delay Trinh's removal.[1] The Court has reviewed the motion and the proposed supplemental evidence and concludeS neither call for a change of the ruling already issued. Trinh's Motion for Reconsideration and Motion to File Supplemental Evidence are denied.

[1] The incentive to delay proceedings further is likely found in the representations of Federal Respondents that "ICE does not plan to move [Trinh] or plan another removal flight until this habeas matter has concluded." Filing 20 at 1; Filing 21 at 4 (deportation officer's declaration that "in any event ICE, does not plan to move Petitioner while this habeas action is pending.").

The fatal flaw in Trinh's Motion for Reconsideration is that it does not undermine the ground on which the Court denied his Petition, so that it does not warrant any relief from that denial. The Court's denial was based entirely on its conclusions that none of Trinh's claims were cognizable habeas claims under 8 U.S.C. § 2241, where none challenged his detention as contrary to federal law—as required by 8 U.S.C. § 2241(c)(3), which was the only basis for a writ of habeas corpus in this case—and none sought core habeas relief of release from detention. Filing 32 at 28–36. Instead, Trinh's ground for reconsideration is ostensibly new evidence, in the form of documents only recently received from USCIS, which he asserts establish that removal may not presently lawfully proceed through the procedure that ICE employed, where the circumstance that ICE certified as the basis for his custody does not presently exist. Filing 33 at 2. The problem here is not the purportedly "new evidence"; it is that the new evidence is offered in support of an entirely new claim that Trinh did not make in his Petition, *i.e.*, a claim that his detention is in violation of federal law because his removal is not lawful. *See* Filing 33 at 2.

Presentation of a new claim is not a basis for reconsideration of a prior ruling that was final as to all claims then presented, and any "newly discovered evidence" must be material to the claim asserted in the party's pleading not to some new claim not yet asserted. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015) ("Rule 54(b) allows a district court to revise a decision that adjudicates, but does not enter final judgment on, fewer than all claims in an action with multiple claims." (citing Fed. R. Civ. P. 54(b)); *Euphoric, LLC v. Westport Cmty. Improvement Dist.*, 179 F.4th 1118, 1129 (8th Cir. 2026) (acknowledging that Rule 59(e) allows reconsideration based on newly discovered evidence, "[b]ut it is only *material* newly discovered evidence that may justify reconsideration." (emphasis in the original)); Fed. R. Civ. P. 60(b) (allowing reconsideration among other reasons on the basis of new evidence but not identifying

new evidence as the basis for a new claim as a ground for reconsideration). The "new evidence" for a "new claim" ground for reconsideration offered here is manifestly improper.

To the extent Trinh has identified any purported errors in the Court's ruling as the basis for reconsideration, the purported errors are of no moment to the disposition of the claims that he had actually asserted in his Petition and certainly did not make any of those claims cognizable under § 2241(c)(3). Trinh asserts that his detention was not pursuant to 8 U.S.C. § 1231, as the Court stated, because he was released in 2003 after the agency determined that removal was not reasonably foreseeable, so his redetention is pursuant to 8 C.F.R. §§ 241.13(i)(2) and 241.4. Filing 34 at 3–4. The problem is that Trinh did not state a cognizable habeas claim that his detention was in violation of federal law because none of his claims in his Petition were cognizable habeas claims challenging his detention and seeking his release.

Trinh now takes issue with the Court's conclusion that Count One of his Petition did not even mention his detention because he reiterates that Count One alleged, "Custody maintained for that unlawful purpose if contrary to federal law." Filing 34 at 13 (citing Filing 1 at 6–7 (¶ 32). The Court rejected this precise argument as "tortured" because the cited allegation is non sequitur to the preceding allegation, which made no mention of "custody" or "purpose" of any kind. Filing 32 at 30. The Court added,

> Merely mouthing the words "custody maintained for that unlawful purpose is contrary to federal law" is not enough to invoke § 2241(c)(3). At the very least, there must be some factual or legal basis for claiming that custody was maintained for an unlawful purpose, but none is apparent here.

Filing 32 at 30. Although Trinh now asserts that he has evidence that supports a claim that his custody was maintained for an unlawful purpose, no such unlawful purpose was adequately alleged in Count One or any other Count of his Petition.

Trinh also complains that the Court improperly stated that he did not dispute any of Deportation Officer (DO) Venters's statements. Filing 34 at 13 (citing Filing 32 at 4 n.2). Trinh asserts that he did dispute paragraph 14 of the declaration because he argued that the abstract of judgment reflects that the sentences on the two counts of home invasion robbery on which he was convicted in 1997 were ordered to run concurrently rather than consecutively as DO Venters averred. Filing 32 at 13 (citing Filing 28 at 13). When Trinh raised this objection to DO Venters's statement in his reply in support of his Petition, he added, "Petitioner does not ask this Court to review the validity of his 1997 conviction or sentence, and nothing here depends on that question." Filing 28 at 13. Whether the sentence for Trinh's robbery convictions was consecutive or concurrent makes no difference as to the outcome of this Court's order. It is still the case that nothing in the disposition of Trinh's claims in his Petition depends on whether he served consecutive or concurrent sentences on his convictions in 1997.

Trinh contends that he disputed "at length" the "characterization" in paragraph 25 of DO Venters's Declaration, which stated in pertinent part, "Petitioner submitted an Application for a Stay of Removal on June 12, 2026, which was denied on July 27th 2026 for lack of compelling reasons." Filing 27 at 4–5 (¶ 25). Trinh asserted in his reply, "No U petition existed on June 12, and none existed on July 27 when the denial issued; Respondents' declarant places delivery on July 28." Filing 28 at 11. The Court stated in its prior ruling,

> [R]eferences to such an Application on June 12, 2026, appear to be mistakes. Instead, the Petition identifies the Form I-246 packet prepared and "provided to ICE" on July 27, 2026, and "physically submitted" by local counsel on July 28, 2026. Filing 1 at 2 (¶ 4).

Filing 32 at 10. More importantly, when Respondents received any documents was not dispositive of any claim in Trinh's Petition, because the claims in Trinh's Petition did not assert cognizable habeas claims challenging his detention and seeking release.

While trying to nitpick purported minor errors in the Court's opinion that are of no consequence to the outcome of this matter, Trinh makes at least one misstatement in his motion. In both his Motion and supporting brief, Trinh states that the Court said in its Memorandum and Order on Petition for Writ of Habeas Corpus under § 2241 that "[a] separate judgment will be entered," purportedly citing Filing 32 at 37. *See* Filing 33 at 3 (¶ 2); Filing 34 at 1. Trinh's statements are false. The Court's Memorandum and Order nowhere states that a separate judgment will be entered. Filing 32 *passim*. Even if no judgment entered, the Memorandum and Order was a clear and unequivocal manifestation of the Court's belief that the decision made, so far as the Court was concerned, was the end of the case. *See Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 898 (8th Cir. 2017) (citing *Waterson v. Hall*, 515 F.3d 852, 855 (8th Cir. 2008)).

Trinh has presented no reason that his newly discovered evidence or any alleged error warrants any reconsideration or relief from the Court's Memorandum and Order on Petition for Writ of Habeas Corpus under § 2241, Filing 32.

Upon the foregoing,

IT IS ORDERED that Trinh's Motion for Leave to File Supplemental Evidence and for Reconsideration of the August 24, 2026, Order is denied.

Dated this 25th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge