IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THIEN QUOC TRINH,<br><br>Petitioner,<br><br>vs.<br><br>STEVE FANNON, in his official capacity as Warden, McCook Work Ethic Camp; DAVID EASTERWOOD, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, St. Paul Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;<br><br>Respondents. | **8:26CV369**<br><br>**ORDER ON PETITIONER'S EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE STAY AND INJUNCTION PENDING APPEAL** |

This case is before the Court on Petitioner Thien Quoc Trinh's Emergency Motion for Temporary Administrative Stay and Injunction Pending Appeal (Emergency Motion). Filing 42. This Emergency Motion follows closely on the heels of the Court's denial of Trinh's Petition for Writ of Habeas Corpus under § 2241, Filing 32; the Court's denial of Trinh's Motion for Leave to File Supplemental Evidence and for Reconsideration of the August 24, 2026, Order (Motion for Reconsideration), Filing 39; and Trinh's filing of a Notice of Appeal, Filing 41. In his Emergency Motion, Trinh seeks an injunction pending appeal barring his physical removal from the United States to preserve the status quo while the Eighth Circuit reviews the dismissal of his habeas Petition, and failing that, he seeks a seven-day administrative stay to permit an application to the Eighth Circuit. Filing 42 at 1; Filing 43 at 1. Trinh's Emergency Motion is denied.

As the Eighth Circuit has explained,

> "A stay is not a matter of right, even if irreparable injury might otherwise result" but instead is "an exercise of judicial discretion." [*Nken v. Holder*, 556 U.S. 418,] 433, 129 S.Ct. 1749 [2009)] (internal quotation marks omitted). "[T]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks omitted). The . . . party moving for the stay pending appeal, "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 434, 129 S.Ct. 1749. "A motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Id.* (internal quotation marks omitted). The Supreme Court has "distilled" "those legal principles" "into consideration of [the following] four factors":
>
> > (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> *Id.* (internal quotation marks omitted); *see also Brady [v. Nat'l Football League]*, 640 F.3d [785,] 789 [(8th Cir. 2011)] (same).

*Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024).

Contrary to Trinh's contentions, the Court concludes that, even if irreparable injury might result from denial of a stay, he has not met his burden of showing that the circumstances justify an exercise of the Court's discretion to stay his removal pending appeal. *Id.* (citing *Nken*, 556 U.S. at 433–34). Trinh has failed to make a strong showing that he is likely to succeed on the merits for all the reasons that the Court set out in its denial of his Petition and its denial of his Motion for Reconsideration. *Id.* (first factor) (citing *Nken*, 556 U.S. at 434). That failure is fatal to his request for a stay. The Court concludes further that the issuance of a stay would substantially injure the other parties and the public interest. *Id.* (third and fourth factors) (citing *Nken*, 556 U.S. at 434). ICE has a responsibility and the legal authority to remove an inadmissible alien who has been duly ordered removed. The public also has an interest in enforcement of the immigration and other laws of the United States.

For the same reasons, the Court denies Trinh's alternative request for an administrative stay while he seeks a stay pending appeal from the Eighth Circuit. Trinh has shown himself capable of acting expeditiously to raise ever more barriers to his removal.

Accordingly,

IT IS ORDERED that Petitioner Thien Quoc Trinh's Emergency Motion for Temporary Administrative Stay and Injunction Pending Appeal (Emergency Motion), Filing 42, is denied in its entirety.

Dated this 26th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge